IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRISTOPHER DALE NORRIS, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:13cv00125 |
| ) | SHARP/GRIFFIN |
| JENNIFER BOULDIN, Individually, and in ) | JURY TRIAL |
| her Official Capacity as Administrator of the ) | |
| Overton County Nursing Home; DONNA ) | |
| SAVAGE, in her Official Capacity as ) | |
| Chairman of the Board of Directors of the ) | |
| Overton County Nursing Home; and the ) | |
| OVERTON COUNTY NURSING HOME, a ) | |
| corporation and political subdivision of ) | |
| Overton County, Tennessee, ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

Come now the Rctvkgu and submit this proposed Initial Case Management Order<

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, venue pursuant to 28 U.S.C. § 1391.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF: Plaintiff was terminated by defendants Bouldin and Overton County Nursing Home (OCNH) in retaliation for his participating in the Tennessee Department of Health's investigation of patients/residents abuse at OCNH. The retaliatory conduct of Bouldin against plaintiff was condoned and ratified by OCNH through its official policy, practice and/or custom to affirm, without review, the discharge practices of Bouldin. Plaintiff seeks recovery pursuant to 42 *U.S.C.* § § 1983 and 1988 for violations and deprivations of his substantive and

1

procedural due process rights, including property and liberty interests guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 8 and 19 of the Tennessee Constitution and for other supplementary State law causes of action.

2) DEFENDANT: Defendants adamantly deny that plaintiff's employment was terminated for any retaliatory, improper or unlawful reason. Plaintiff's employment was, in fact, terminated for improperly divulging a patient's protected health information. Plaintiff was hired by Overton County Nursing Home as a nurse/MDS coordinator in 2005. In November 2012 and December 2012, auditors with the State of Tennessee visited Overton County Nursing Home. The auditors reviewed over thirty (30) patients' charts in conjunction with these visits. The auditors found that plaintiff had improperly divulged protected health information of a Nursing Home patient during the course of the audit. As a result, plaintiff's employment was terminated.

C. ISSUES RESOLVED: Venue. Jurisdiction of the Federal claims.

D. ISSUES STILL IN DISPUTE: Jurisdiction of the supplemental State law claims. In addition, Defendants intend to file a Motion for Judgment on the Pleadings concerning several of the claims.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED.R.CIV.P. 26(a)(1) on or before February 24, 2014.

F. DISCOVERY. The parties shall complete all written discovery and depose all fact witnesses on or before October 31, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any disputes.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend the Complaint or Answer on or before July 1, 2014.

H. DISCLOSURE OF EXPERTS: It is not anticipated that the parties will retain expert witnesses.

I. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before April 30, 2014.

J. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before December 15, 2014. Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion. Briefs shall not exceed thirty (30) pages. Optional replies may be filed within fourteen (14) days after the filing of the response and shall not exceed ten (10) pages. Defendants request a variation from the local rules based upon the complex nature of this case.

K. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

L. TRIAL DATE AND ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 4 days. This action is set for jury trial on June 2, 2015, at 9:00 a.m. The final pretrial conference is set for on Monday, May 4, 2015, at 2:30 p.m. Both set in Cookeville, Tennessee.

Enter this 4th day of February, 2014

_____
Honorable Kevin H. Sharp
United States District Judge

Respectfully submitted this 31st day of January, 2014.


By s/Mary Dee Allen, B.P.R. No.015614
MARY DEE ALLEN
For Wimberly Lawson Wright Daves & Jones,
Attorneys for Defendants
1420 Neal Street, Suite 201
P.O. Box 655
Cookeville, Tennessee 38503-0655
(931) 372-9123


CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system:

Cynthia Wilson, Esq.
Attorney for Plaintiff
230 North Washington
Cookeville, Tennessee 38501
(931) 526-6101
(931) 528-1909 (fax)


This the 31st day of January, 2014.

             WIMBERLY LAWSON WRIGHT DAVES &
             JONES, PLLC

             By s/Mary Dee Allen, B.P.R. No.015614
              MARY DEE ALLEN
              Attorneys for Defendants
              P. O. Box 655
              Cookeville, TN 38503-0655
              (931-372-9123)